

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 29, 1972

Commissioner Raymond W. Vowell
State Department of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. M- 1275

Re: Refunds to public or
private agencies
which have advanced
funds to the State
Department of Public
Welfare.

Dear Mr. Vowell:

We are in receipt of your recent opinion request concerning the above captioned matter and in which you submit the following question:

> "May the State Department of Public Welfare refund monies advanced to the Department by public or private agencies for the purpose of providing the non-federal share of the estimated costs of social services programs when the actual costs of such programs are less than anticipated and thus the advanced funds are in excess of that amount required for Federal matching purposes?"

You have advised that the advancement of the funds by the public or private agencies, such as the United Fund, for the estimated costs of the services is authorized under the Federal Social Security Act and such services are purchased by the Department pursuant to contracts with other public or private agencies. In this connection you state that the problem

> ". . . arises when the estimated program costs have proven to be in excess of the actual costs incurred, thus rendering the advancements to the Department in excess of the amount required as the non-federal share for Federal matching purposes."

-6258-

You have further advised that when the unrestricted donated funds from the public or private agencies are received by the Department, they are, pursuant to Article 695c, Section 4(12), Vernon's Civil Statutes, deposited in a State Treasury account maintained for that purpose. You then describe your procedure and position as follows:

> "When the provider agencies furnish services to eligible individuals, the Department is billed for the actual cost of the services and the Department reimburses the provider agencies on an actual cost basis. The funds which are transmitted to the provider agencies as reimbursement are composed of non-federal funds originally received from the aforementioned donating agencies and Federal matching funds made available under the applicable titles of the Social Security Act. Since it is impossible to predict accurately the number of participants in a social services program, situations often arise in which the funds advanced to the Department to provide the non-federal share of estimated program costs are in excess of the amount required to match Federal funds in order to meet actual program costs.

> "The Department desires to refund to the aforementioned donating agencies that portion of their donation which exceeds the amount required to match Federal funds in order to meet actual program costs. It is the Department's position that we have been granted the authority to make such refunds by Article 695c, Section 4(12), Vernon's Texas Civil Statutes, as amended, and Section 29 of Article V of Senate Bill No. 11, Regular Session, as amended by Senate Bill No. 7, First Called Session, 62nd Legislature, 1971."

You request our clarification of the question presented for two primary reasons:

"(1)   All of the aforementioned purchase of service contracts to which the Department is a party are based on estimates of the number of participants in a social services program, for example, the number of children anticipated as participants in a day care program.  It is impossible to predict accurately the number of such participants.  In the present case the United Fund estimate of the number of children who would be enrolled in the day care program exceeded the number of actual participants.  It is our opinion that the Department has no legal entitle- ment to these excess funds and that their refund is authorized by law.

"(2)   Recent Federal Legislation (the Revenue Shar in g Act) restricts the types of social services which may be purchased by the Department.  This legis- lation will require the Department to cancel or modify many of its purchase of service contracts, thus rendering necessary the refunds herein described."

It is our opinion that your position is correct and your question as posed must be answered in the affirmative. While it is true under Section 6 of Article VIII of the Constitution of Texas, "no money shall be drawn from the Treasury, but in pursuance of specific appropriations made by law," nevertheless, this provision has no appli- cation to monies deposed pursuant to an authorizing statute in a special trust account with the State Treasurer as Custodian.  Attorney General Opinions Nos. WW-241(1957), WW-565(1959) and WW-600(1959).  Also where the excess money paid to the State results from a "mistake of fact," there is no constitutional inhibition to prevent the State from refunding the excess money so advanced.  See Attorney General Opinion No. WW-749(1959), and case authorities there cited.

You have advised that the funds in question are deposited in "Fund 166-Public Welfare Administration Operating Fund," which becomes a mix of the donated monies and federal monies for that special purpose, subject to

withdrawal pursuant to Article 695, Section 4(12) and Article V, Section 29, Senate Bill No. 1, 62nd Leg., 3rd C.S., 1972. Such funds are trust funds which may only be so used to carry out the public governmental purposes of the program as contracted by the Department with the parties. Attorney General Opinion No. C-530(1972). Neither the State of Texas nor the Department of Public Welfare may claim such excess funds belonging to the parties, for which the Legislature has made provision for a refund. As was stated by this office in Attorney General Opinion No. WW-241, infra, ". . . the funds here provided are trust funds and do not belong to the State in its sovereign capacity, but are received and are to be expended for a special purpose."

Article 695c, Section 4(12), which must be read into the contracts executed by the Department with the parties concerned, and pursuant to which the Department made its said deposits in "Fund 166," reads in relevant part, as follows:

"The State Department of Public Welfare is authorized to accept, expend and transfer any and all Federal and State funds appropriated for /the purpose of providing public welfare assistance and/or services as may be prescribed or authorized under Federal laws and rules and regulations7. The State Department of Public Welfare is authorized to accept, expend and transfer funds received from a county, municipality, or any public or private agency or from any other source; and such funds shall be deposited with the State Treasury, subject to withdrawal upon order of the Commissioner of Public Welfare in accordance with rules and regulations adopted by the Department of Public Welfare and as authorized herein." (Emphasis Added.)

We also especially note that the deposit is to be made "with" the State Treasury, not "into" it. Thus, the Treasurer becomes the "trustee" of the trust fund for the benefit of those whose money is so deposited.

Attorney General Opinion No. O-3607(1941), citing Friedman v. American Surety Co., 151 S.W.2d 570, 580 (Tex.Sup. 1941). It is under this authority that the Department has contracted with public and private agencies for the provision of social services to needy persons in order to meet the Department's responsibility under Titles I, IV-A, X and XIV of the Federal Social Security Act to provide certain social services to former, current and potential recipients of assistance under those titles.

In any event, whether such deposits were in this instance with or into the State Treasury, the General Appropriations Act, Senate Bill No. 11, Section 29, 62nd. Leg., 1971, R.S., as amended by Senate Bill No. 7, 1st C.S., 62nd Leg., 1971, "Refunds of Deposits," provided as follows:

> "Any money deposited into the State Treasury which is subject to refund as provided by law shall be refunded from the fund into which such money was deposited, and so much as is necessary for said refunds is hereby appropriated."

This verbatim provision appears again as Section 29 of Article V of Senate Bill No. 1, Third Called Session, 62nd Legislature, 1972.

In view of all of the foregoing considerations, we have therefore concluded that the Department of Public Welfare is fully authorized to make the refunds hereinabove described and made the subject of the opinion request.

- S U M M A R Y -

The State Department of Public Welfare may refund monies advanced to it by public or private agencies for the purpose of providing the non-federal share of the estimated costs of social

services programs when the actual costs of such programs are less than anticipated, the amount of refund being in excess of the amount required for federal matching purposes. Article 695c, Sec. 4(12), V.C.S.; S.B. No. 11, Sec. 29, 62nd Leg. 1971, as amended by S.B. No. 7, 1st C.S., 62nd Leg., 1971.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

John Banks
J. C. Davis
Roland Carlson
Harry Green

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant